## SIMMONS & WIFE *vs.* WALKER, use, &c.

1. If a bond be paid by a third person, at the request of the obligor, a suit cannot be afterwards maintained upon it in the name of the obligee for the use of the person by whom such payment was made.

ERROR to the Circuit Court of Marengo. Tried before the Hon. John D. Phelan.

MANNING, for the plaintiffs in error.

JOHN, for the defendant.

DARGAN, C. J.—This suit was commenced in the name of John W. Walker, for the use of William K. Paulding, on a bond executed by Frances Spingle, whilst *sole*, but now the wife of James Simmons, whereby she acknowledged herself held and firmly bound unto the said plaintiff in the sum of six hundred and fifty dollars, to be paid on the first day of January thereafter. The defendants offered evidence tending to show that Wm. K. Paulding had paid the bond to the plaintiff, John W. Walker, at the request of the said Frances. This appeared from a bill filed by John Shields and Wm. K. Paulding, for an injunction against the said Frances and others, which was sworn to by the said Wm. K. Paulding. It also appears from the statements made in said bill, that Paulding paid the money to Walker at the request of said Frances Spingle, and under a promise that the amount should be credited on two notes held by her on John Shields, which Paulding had assumed to pay, but that, afterwards, the said Frances and Lewis Anderson, co-administrator, brought suit against Shields, and recovered the whole amount of said notes, and refused to allow the amount paid by Paulding to Walker as a credit thereon. The defendants requested the court to charge the jury that the declarations of Paulding in the bill for an injunction showed that the bond, on which this suit was brought, had been paid, and that the plaintiff could not recover. This charge the court refused to give, but instructed the jury that the declarations of Paulding, as set set out in said bill, did not show such a payment as precluded the plaintiff from recovery in this suit.

That the ruling of the court was erroneous, there can be no doubt. If Paulding paid to Walker the amount of the bond, at the request of Mrs. Simmons, such payment extinguished the debt due to the plaintiff from her, (Harrison v. Hicks, 1 Port. 423,) and no suit can be sustained upon the bond in his name. The only remedy Paulding has to recover the money he paid for her is an action of assumpsit, for money paid, but he cannot maintain a suit on the bond, in the name of Walker for his use, if the debt due to Walker on the bond was in fact paid by Paulding at the request of Mrs. Simmons.

Let the judgment be reversed and the cause remanded.